FILED IN CHAMBERS
THOMAS W. THRASH, JR.
U.S.D.C. Atlanta

DEC ?? 2009

JAMES N. HATTEN, Clerk

By _____

Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

WILLIE JAMES TERRELL,
Inmate No. 0840305,
    Plaintiff,

    v.

CITY OF ATLANTA; RICHARD
J. PENNINGTON; DARRELL D.
JOHNSON; W. HARRIS, Jr.; C.
FLEMING,
    Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

PRISONER CIVIL RIGHTS
42 U.S.C. § 1983

CIVIL ACTION NO.
1:09-CV-2385-TWT

WILLIE JAMES TERRELL,
Inmate No. 0840305,
    Plaintiff,

    v.

CITY OF ATLANTA; RICHARD
J. PENNINGTON; DARRELL D.
JOHNSON; W. HARRIS, Jr.; C.
FLEMING; CERELYN J. DAVIS;
A.G. LINDSEY,
    Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

PRISONER CIVIL RIGHTS
42 U.S.C. § 1983

CIVIL ACTION NO.
1:09-CV-3345-TWT

## ORDER AND OPINION

Plaintiff, an inmate at the Fulton County Jail in Atlanta, Georgia, has

transmitted for filing the above-styled pro se civil rights actions. In both of these

AO 72A
(Rev.8/82)

actions, Plaintiff appears to complain about alleged misconduct in connection with his arrest and prosecution. Because of the similarity between both of the above-referenced actions, this Court now finds that it would "avoid unnecessary cost and delay" to consolidate them pursuant to Federal Rule of Civil Procedure 42(a). "Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion. A motion to consolidate is not required; the court may invoke Rule 42(a) sua sponte." Miller v. United States Postal Service, 729 F.2d 1033, 1036 (5th Cir. 1984). In this manner, government officials need not defend against multiple, similar suits and Plaintiff need not incur the added financial burden of making periodic payments out of his inmate account to cover the cost of an additional filing fee.

Accordingly, this Court hereby **DIRECTS** the Clerk of this Court to **ADMINISTRATIVELY CLOSE** Terrell v. Pennington, et al., Civil Action No. 1:09-CV-3345-TWT into Terrell v. Pennington, et al., Civil Action No. 1:09-CV-2385-TWT.

In both actions, however, Plaintiff's complaint consists of numerous pages of vague and concusory allegations, and the events about which Plaintiff complains are not entirely clear.

2

AO 72A
(Rev.8/82)

Accordingly, Plaintiff is hereby **ORDERED TO AMEND** the complaint

within thirty (30) days of the date of this Order. Plaintiff is **ORDERED** to draft

his complaint on the attached § 1983 form, to write on only one side of the paper

pursuant to L.R. 7.1D N.D. Ga., to add no more than **ten (10)** pages to the § 1983

form, and to provide this Court with only factual allegations concerning events in

which Plaintiff suffered some injury. Plaintiff is admonished to relate only the

facts relevant to his claims and to relate such facts only once. Plaintiff is

instructed to omit legal argument and case citation and to omit unnecessary pages

attached to the complaint. Clearly stated, Plaintiff is instructed to provide a very

simple, factual description, without repetition or hyperbole, of the events in which

he claims in the complaint have violated his constitutional rights.

This action shall proceed no further until Plaintiff submits his amended

complaint. A failure to comply with this order in a timely fashion will result in a

dismissal of the action pursuant to Local Rule 41.3, N.D. Ga.

The Clerk is **DIRECTED** to send Plaintiff the proper civil rights form so

that Plaintiff can file his amended complaint pursuant to 42 U.S.C. § 1983.

The Clerk is **FURTHER DIRECTED** to **RESUBMIT** this action to the

assigned Magistrate Judge upon receipt of the amended complaint or upon

3

expiration of the aforementioned period if the Plaintiff fails to submit his amended complaint.

IT IS SO ORDERED this 14 day of December , 2009.

_Thomas W. Thrash_

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

4